Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3484 | **DATE** | June 2, 2011 |
| **CASE TITLE** | Rex Allen Frederickson (#2011-0001562) vs. Officer McClendon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $6.10 from Plaintiff's account for payment to the Clerk of the Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. Will County and the Will County Jail are dismissed as Defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is directed to issue summonses for service on all other named Defendants by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [5] is denied, without prejudice.

■ [For further details see text below.]    **Docketing to mail notices.**

## STATEMENT

Plaintiff, a detainee at the Will County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants (law enforcement officers for Will County, the City of Joliet, and the Village of Bolingbrook, Illinois) have violated Plaintiff's constitutional rights by conspiring to falsely arrest him. More specifically, Plaintiff contends that the police have acted in concert to repeatedly prevent him from registering as a child sex offender and then arrest him for non-compliance, in addition to other alleged harassment.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.10. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of the Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of the Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable cause of action against the various law enforcement officials named in the complaint. An arrest without probable cause violates the arrestee's Fourth Amendment rights. See*, e.g., Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). By extension, police obviously may not manufacture grounds for arrest. Compare *Smith v. Springer*, 859 F.2d 31, 34 (7th Cir. 1988) (a plaintiff "can prevail on his § 1983 claim if he shows that the defendants fabricated evidence leading to his false arrest and subsequent unreasonable seizure"), and *Smith v. City of Chicago*, 913 F.2d 469, 472 (7th Cir.1990) (same), both abrogated on other grounds by *Heck v. Humphrey*, 512 U.S. 477 (1994); see also *Olson v. Tyler*, 825 F.2d 1116, 1118 (7th Cir. 1987) (if an officer seeking a warrant purposefully or recklessly withholds facts that could negate probable cause, the officer may be liable for violating the victim's civil rights). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint. However, the complaint is dismissed on initial review as to Will County and the Will County Jail. The Will County Jail is not, itself, a suable entity. See*, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Nor has Plaintiff alleged an unconstitutional custom, policy or practice giving rise to county liability. The doctrine of *respondeat superior* [blanket municipal liability] does not apply to actions filed under 42 U.S.C. § 1983. See, *e.g., Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994) ("*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983"). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. A government as an entity is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003). In the absence of any such allegation, Will County is not a proper Defendant.

Plaintiff is cautioned to conduct discovery to identify the "John Doe" Defendants as soon as possible once defense counsel enters an appearance. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. See*, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). **(CONTINUED)**

| STATEMENT (continued) |
|---|

The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former police officers who no longer can be found at the work address provided by Plaintiff, the Will County Sheriff's Office, the Bolingbrook Police Department, and the Joliet Police Department shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is respectfully denied without prejudice at this time. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); see also N.D. Ill. Local Rule 83.36© (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

After considering the factors cited above, the Court concludes that appointment of counsel is not warranted at this early stage of the case. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary at this time. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It also should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. For these reasons, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request on its own motion or on renewed motion by Plaintiff.