Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3484 | **DATE** | July 26, 2011 |
| **CASE TITLE** | Rex Allen Frederickson (#2011-0001562) vs. Officer McClendon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions for a temporary restraining order and preliminary injunction [10, 13] are respectfully denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, a detainee at the Will County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, law enforcement officers for Will County, the City of Joliet, and the Village of Bolingbrook, Illinois, have violated Plaintiff's constitutional rights by conspiring to falsely arrest him. More specifically, Plaintiff contends that the police have acted in concert to repeatedly prevent him from registering as a child sex offender and then arrest him for non-compliance, in addition to other alleged harassment. This matter is before the court for ruling on Plaintiff's motions for a temporary restraining order and preliminary injunction. For the reasons stated in this order, the motions [10, 13] are denied.

    The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) (quoting *FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003)). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622 (citing *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Here, Plaintiff has not met his burden. Plaintiff seeks, essentially, a stay of his criminal prosecution and other relief connected with the state criminal proceedings. However, the federal courts are largely prohibited from intervening in state criminal prosecutions. "As a general rule, *Younger* abstention 'requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.'" *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008) (quoting *FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008)); see also *Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.* This court will not enjoin pending state criminal proceedings.

If Plaintiff can establish that he has been wrongfully arrested and prosecuted, then he may be able to recover damages. But Plaintiff faces no irreparable harm in the interim.