UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REX ALLEN FREDERICKSON,

    Plaintiff,

    v.

DETECTIVE TIZOC LANDEROS; DETECTIVE SCARPETTA; UNIDENTIFIED OFFICERS OF THE JOLIET POLICE DEPARTMENT; DETECTIVE BRICK; DETECTIVE TALBOT; SERGEARNT GUNTY; UNIDENTIFIED OFFICERS OF THE BOLINGBROOK POLICE DEPARTMENT,

    Defendants.

No. 11 C 3484

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Sergeant Gunty, Detective Joseph Brick, Detective Sean Talbot, and other unidentified officers of the Bolingbrook Police Department (the "Bolingbrook Defendants") have moved to dismiss Count V of Frederickson's complaint, which alleges a civil conspiracy in violation of Illinois law, and to dismiss all claims against Sergeant Gunty. R. 117. That motion is denied in part and granted in part.

The Bolingbrook Defendants argue that they are immune to Count V pursuant to Section 2-201 of the Illinois Tort Immunity Act, which provides:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. According to the Illinois Supreme Court, for immunity to apply, the Bolingbrook Defendants' actions must have been "both a determination of policy and an exercise of discretion." *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 283 (Ill. 2003). A policy decision requires "a government entity to balance competing interests and to make a judgment call as to what solution will best serve those interests." *Van Meter*, 799 N.E.2d at 283. Further, under Illinois law, "discretionary actions" are distinguished from "ministerial actions." *See Harrison v. Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 758 N.E.2d 848, 852 (Ill. 2001). The Illinois Supreme Court has held that whether an action is discretionary or ministerial "resists precise formulation and . . . [such a] determination . . . must be made on a case-by-case basis." *Snyder v. Curran Twp.*, 657 N.E.2d 988, 992-93 (Ill. 1992).

Section 2-201 is an affirmative defense for which the Bolingbrook Defendants bear the burden of proof. *See Lane v. Dupage Cnty. Sch. Dist. 45*, 2014 WL 518445, at *3 (N.D. Ill. Feb. 10, 2014); *see also Van Meter*, 799 N.E.2d at 280 ("Because the immunities afforded to governmental entities operate as an affirmative defense, those entities bear the burden of properly raising and proving their immunity under the Act."). Accordingly, the issue here is whether Frederickson's allegations establish as a matter of law that the Bolingbrook Defendants' actions were policy determinations and discretionary. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("Because an immunity defense usually depends on the facts of the case, dismissal at the pleading state is inappropriate . . . .").

Frederickson's allegations do not allow for such a determination. Frederickson alleges that the Bolingbrook Defendants conspired with the Joliet defendants to harass Frederickson by preventing him from moving to Bolingbrook and requiring him to remain in Joliet. There is nothing about Frederickson's allegations that would provide a basis to find that the Bolingbrook Defendants' "balance[d] competing interests" and made a policy decision in addressing Frederickson's registration attempts.

Additionally, Frederickson alleges that the Illinois Sex Offender Registration Act ("SORA") requires a police department to document the registration by a person without a fixed residence if that person reports to the sheriff or chief of police in his community at the designated time. *See* R. 115 ¶ 18. With this allegation, Frederickson alleges that the Bolingbrook Defendants had a ministerial—as opposed to discretionary—duty to register him when he appeared. Frederickson also identifies a number of provisions in the SORA that impose non-discretionary duties on police departments in Illinois. *See* R. 132 at 10-11.

The Bolingbrook Defendants argue that they denied Frederickson's attempt to register in Bolingbrook because they could not verify his address, and the Joliet defendants told them that Frederickson was attempting to register in Bolingbrook under false pretenses. The Bolingbrook Defendants argue that these facts demonstrate that they were engaged in policy making and discretionary decisions.

But this argument is based on alleged facts that are not included in Frederickson's complaint, and which actually contradict Frederickson's allegations.

The Seventh Circuit has held that such questions of fact preclude application of Section 2-201 immunity at the summary judgment stage. *See Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 679 (7th Cir. 2009) (holding that a mayor who fired an employee after she exposed corrupt practices in the mayor's office was not immune from retaliatory discharge). And a number of courts in this district have denied motions to dismiss where similar factual disputes were present. *See Weiler v. Village of Oak Lawn*, 86 F. Supp. 3d 874, 885 (N.D. Ill. 2015) ("[T]here is a factual dispute concerning whether [the defendant] was determining policy when he recommended the elimination of [the plaintiff's] department. Accepting [the plaintiff's] allegations as true, [the defendant] was not balancing competing interests; rather, he proposed the reorganization to retaliate against [the plaintiff] . . . ."); *Lane*, 2014 WL 518445, at *4 ("The Court, however, cannot determine from the allegations in the Second Amended Complaint whether [the defendant's actions] required both a determination of policy and an exercise of discretion."); *Thompson v. Bd. of Educ. of City of Chi.*, 2013 WL 4080650, at *4 (N.D. Ill. Aug. 13, 2013); *Thompson v. Evans*, 2012 WL 401503, at *2 (N.D. Ill. Feb. 6, 2012); *McDonald v. Camarillo,* 2010 WL 4483314, at *2 (N.D. Ill. Nov. 1, 2010); *see also Hogan v. Smith*, 2012 WL 1435402, at *3 (S.D. Ill. Apr. 25, 2012) ("The act of training and supervision in question could easily be ministerial rather than discretionary, and [the defendants] do not point to any allegations in the complaint to contradict this possibility."); *Doe 20 v. Bd. of Educ. of Comm. Unit Sch. Dist. No. 5*, 680 F. Supp. 2d 957, 991 (C.D. Ill. Jan. 11, 2010) ("[T]he Court does not believe it [is] clear that § 2-

4

201 immunity applies to the failure to supervise claims. . . . A more developed record is needed regarding both the *type of position* held by the employee and *the type of actions* performed or omitted by the employee.") (emphasis in original). Therefore, the Court finds that the Bolingbrook Defendants are not entitled to Section 2-201 immunity at this stage of the case.

The Bolingbrook Defendants also seek to have Sergeant Gunty dismissed from the case on statute of limitations grounds. Frederickson concedes this argument, and does not contest Sergeant Gunty's dismissal. *See* R. 132 at 12. For this reason, Frederickson's claims against Sergeant Gunty are dismissed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 29, 2015

5