**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REX ALLEN FREDERICKSON, | |
| Plaintiff, | |
| v. | Case No. 1:11-cv-03484 |
| DETECTIVE TIZOC LANDEROS, DETECTIVE SCARPETTA, AND OTHER UNIDENTIFIED OFFICERS OF THE JOLIET POLICE DEPARTMENT; DETECTIVE BRICK, DETECTIVE TALBOT, SERGEANT GUNTY AND OTHER UNIDENTIFIED OFFICERS OF THE BOLINGBROOK POLICE DEPARTMENT, | Honorable Thomas M. Durkin |
| Defendants. | |

**DEFENDANTS DETECTIVE BRICK, DETECTIVE TALBOT AND
THE VILLAGE OF BOLINGBROOK'S AMENDED MOTION FOR SUMMARY
JUDGMENT ON ALL COUNTS OF THE THIRD AMENDED COMPLAINT**

NOW COMES Defendants, DETECTIVE JOSEPH BRICK, DETECTIVE SEAN TALBOT ("the Bolingbrook Police Officers"), and the VILLAGE OF BOLINGBROOK (erroneously sued as THE BOLINGBROOK POLICE DEPARTMENT) (collectively "the Bolingbrook Defendants"), by their counsel, Stephen R. Miller, Nikoleta Lamprinakos, and M. Elysia Baker of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd, hereby file their Amended Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) on all counts of the Third Amended Complaint (Doc. 115, hereinafter "Complaint"). In support of their motion, the Bolingbrook Defendants state as follows:

**A.      Procedure.**

1.      On May 6, 2015, all Bolingbrook Defendants[1] filed a Motion for Summary Judgment on Counts I through IV of the Complaint on the grounds that they were shielded from liability arising from Plaintiff's allegations by the doctrine of qualified immunity. (Dkt. 117.)

2.      The Court did not rule on the Motion and ordered the parties to engage in discovery.

3.      The parties have conducted discovery and the period for fact discovery has closed.

4.      Discovery yielded no factual support for Plaintiff's claims against the Bolingbrook Defendants. Accordingly, the Bolingbrook Defendants file this Amended Motion for Summary Judgment on the grounds that, not only are Plaintiff's claims in Counts I through V of the Third Amended Complaint barred by the doctrine of qualified immunity, but there is no genuine issue of material fact that Plaintiff cannot establish any of his claims against the Bolingbrook Defendants and they are entitled to judgment in their favor as a matter of law on all counts of the Complaint.

**B.      Relevant Factual Allegations.**

5.      Plaintiff Rex Allen Frederickson is a convicted sex offender who is required by the Illinois Sex Offender Registration Act, 730 ILCS 150/1 *et seq*. ("SORA"), to register with his local police department. (Compl. ¶ 1.)

6.      The SORA registration process requires the local police department to enter the sex offender's registration information in the Law Enforcement Agencies Data System ("LEADS"). 730 ILCS 150/8. Only the sex offender's local police department may complete the registration by entering the required information into LEADS. 730 ILCS 150/8 and 8-5.

---

[1] The remaining Bolingbrook Defendant, Police Officer Gunty, was previously dismissed with prejudice. (Dkt. 137.)

7.      In February 2011, Plaintiff's local law enforcement agency was identified in LEADS as the Joliet Police Department. (Statement of Undisputed Material Facts ("SMF") ¶¶ 31, 40-41.)

8.      On February 9, 2011, Plaintiff attempted to register as a sex offender at the Bolingbrook Police Department. (Compl. ¶ 35). Although the Bolingbrook Police Officers met with Plaintiff and took his registration information, the Bolingbrook Police Department was unable to complete Plaintiff's registration because the Bolingbrook Police Department was not identified in LEADS as Plaintiff's local law enforcement agency and, therefore, could not enter the registration into LEADS. (SMF ¶¶ 24-25, 38, 40, 41, 48-49, 60.) Only a sex offender's local law enforcement agency as designated in LEADS can release an offender's file to another law enforcement agency seeking to become an offender's new local law enforcement agency. (SMF ¶¶11, 14, 18-19.)

9.      The Bolingbrook Police Department contacted the Joliet Police Department, Plaintiff's local law enforcement agency, on or about February 9 or 10, 2011, to request that it release Plaintiff's LEADS file so the file could be transferred to the Bolingbrook Police Department in the LEADS system as Plaintiff's new local law enforcement agency. (SMF ¶ 42.) The Joliet Police Department advised that it would not release Plaintiff's LEADS file because Plaintiff resided in Joliet. (SMF ¶¶ 43, 44.)

10.     On February 16, 2011, Plaintiff returned to the Bolingbrook Police Department and tried again to register there. (SMF ¶ 51.) Having been informed by the Joliet Police Department that it would not release Plaintiff's LEADS file, the Bolingbrook Police Officers knew the Bolingbrook Police Department could not complete Plaintiff's registration. (SMF ¶¶ 48-49.) As a result, the Bolingbrook Police Officers told Plaintiff to return to Joliet to register. (SMF ¶ 54.)

13.     On February 23, 2011, Plaintiff again attempted to register at the Bolingbrook Police Department. (Compl. ¶ 46.) The Joliet Police Department had still not released Plaintiff's LEADS file. (SMF ¶ 56.) Because the Bolingbrook Police Officers knew they could not complete Plaintiff's registration, they again told Plaintiff that he had to return to Joliet to register there. (SMF ¶¶ 48-49, 57.)

**C.      Motion for Summary Judgment on the Complaint.**

15.     Plaintiff's federal claims in Counts I, II, III and IV plead that the Bolingbrook Defendants violated Plaintiff's rights pursuant to the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1985 by refusing to register him on February 16 and 23, 2011, and in Count V by conspiring to prevent him from registering on those dates in violation of Illinois law.

16.     There is no genuine issue of material fact that the Bolingbrook Defendants were unable to complete Plaintiff's SORA registration on February 16 and 23, 2011, because the Joliet Police Department was identified as Plaintiff's local law enforcement agency and had not released Plaintiff's LEADS file. As a result, the Bolingbrook Police Officers told Plaintiff to return to Joliet to register. Based on these facts, and pursuant to Fed. R. Civ. P. 56, the Bolingbrook Defendants are entitled to summary judgment on Counts I through V of the Complaint because, as a matter of law, the Bolingbrook Police Officers, and thus the Village of Bolingbrook, are shielded from liability arising from these counts by the doctrine of qualified immunity, and the Bolingbrook Defendants are entitled to summary judgment.

18.     In addition, pursuant to Fed. R. Civ. P. 56, the Bolingbrook Defendants are entitled to summary judgment on all counts of the Complaint for the following reasons:

- As to Count I of the Complaint (substantive due process), there is no genuine issue of material fact that the Bolingbrook Defendants' direction to Plaintiff to return to Joliet and register there was neither irrational, arbitrary nor unreasonable, but was based on the Bolingbrook Police Department's inability to complete the registration.

- As to Count II of the Complaint (procedural due process), there is no genuine issue of material fact that the Bolingbrook Defendants did not treat Plaintiff less favorably than other sex offenders who attempted to register there without their home law enforcement agency first releasing their LEADS file.

- As to Count III of the Complaint (equal protection – class of one), there is no genuine issue of material fact that the Bolingbrook Defendants did not treat Plaintiff differently from others similarly situated, or that the Bolingbrook Defendants lacked a rational basis for the treatment of Plaintiff, namely, directing him to return to Joliet to register until the Joliet Police Department released Plaintiff's LEADS file.

- As to Count IV of the Complaint (conspiracy to violate Plaintiff's equal protection rights), there is no genuine issue of material fact that the Bolingbrook Defendants did not conspire to violate Plaintiff's rights to equal protection under the law.

- As to Count V of the Complaint (Illinois civil conspiracy), there is no genuine issue of material fact that the Bolingbrook Defendants did not (1) enter an agreement to accomplish some unlawful purpose (or some lawful purpose by unlawful means) or (2) commit at least one tortious act in furtherance of the alleged conspiracy. In addition, there is no genuine issue of material fact that Count V is barred by Section 2-201 of the Illinois Tort Immunity Act as to the Bolingbrook Defendants because Plaintiff seeks to hold them liable for acts requiring the exercise of discretion, namely their interpretation of SORA and their decision to direct Plaintiff to return to Joliet to register until the Joliet Police Department released Plaintiff's LEADS file.

19.     The Bolingbrook Defendants file their Memorandum of Law and Rule 56.1 Statement of Undisputed Facts contemporaneously with this Motion.

WHEREFORE, Defendants DETECTIVE JOSEPH BRICK, DETECTIVE SEAN TALBOT, and the VILLAGE OF BOLINGBROOK (erroneously sued as THE BOLINGBROOK POLICE DEPARTMENT), respectfully request that this Honorable Court grant their Amended Motion for Summary Judgment on All Counts of the Third Amended Complaint and enter an order granting judgment in their favor and against Plaintiff on Counts I through V of the Third Amended Complaint, and such other and further relief as is just and appropriate.

Respectfully submitted,

DETECTIVE JOSEPH BRICK,
DETECTIVE SEAN TALBOT, and the
VILLAGE OF BOLINGBROOK


By:    /s/ Stephen R. Miller
          Stephen R. Miller, One of Their Attorneys


Stephen R. Miller (6182908)
Nikoleta Lamprinakos (6274018)
M. Elysia Baker (6308530)
ROBBINS, SCHWARTZ, NICHOLAS,
  LIFTON & TAYLOR, LTD.
55 West Monroe, Suite 800
Chicago, Illinois  60603-5144
Telephone (312) 332-7760
Fax (312) 332-7768
smiller@robbins-schwartz.com
nlamprinakos@robbins-schwartz.com
ebaker@robbins-schwartz.com
621188v1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Defendants Detective Brick, Detective Talbot, and the Village Of Bolingbrook's Amended Motion for Summary Judgment on All Counts of the Third Amended Complaint** with the Clerk of the Court using the CM/ECF system on this 28th day of December, 2016, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9.


 s/ Stephen R. Miller
Stephen R. Miller