**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **REX ALLEN FREDERICKSON,** | |
| **Plaintiff,** | |
| **v.** | |
| **DETECTIVE TIZOC LANDEROS, DETECTIVE SCARPETTA, OTHER UNIDENTIFIED OFFICERS OF THE JOLIET POLICE DEPARTMENT, DETECTIVE BRICK, DETECTIVE TALBOT, AND OTHER UNIDENTIFIED OFFICERS OF THE BOLINGBROOK POLICE DEPARTMENT,** | **Case No. 11 CV 3484**<br><br>**Judge Thomas M. Durkin** |
| **Defendants.** | |

**PLAINTIFF'S 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO (I) DEFENDANTS DETECTIVE BRICK, DETECTIVE TALBOT AND THE VILLAGE OF BOLINGBROOK'S AMENDED MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS OF THE THIRD AMENDED COMPLAINT AND (II) JOLIET DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Mary Rose Alexander
Michael J. Faris
Johanna M. Spellman
Derek J. Linkous
Megan C. Fitzpatrick
Kate R. Elsner
Thomas H. Severson
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

February 8, 2017

## Exhibits to this Statement of Additional Material Facts

Attached hereto are the following exhibits:[*]

   A.  Deposition of David Brown (July 6, 2016)

   B.  Deposition of Pamela Dunning-Ganczewski (May 19, 2016)

   C.  Deposition of Michael Musgrove (Nov. 17, 2016)

   D.  Deposition of Paul Rodriguez (Mar. 9, 2016)

   E.  Deposition of James Scacco (May 31, 2016)

   F.  Docket of *People v. Frederickson*, No. 01 CF 890 (Ill. Cir. Ct. – Will Cty. (12th Cir.)) [RF00001448]

   G.  Docket of *People v. Frederickson*, No. 08 CF 1134 (Ill. Cir. Ct. – Will Cty. (12th Cir.)) [RF00001474]

   H.  James Scarpetta's Report regarding Complaint from Rex Frederickson (Feb. 7, 2011)

   I.  Rex Frederickson's J&J Autobody Application (Feb. 8, 2011)

   J.  Email from C. Gunty to all-police (Feb. 11, 2011) [VOB.1771]

   K.  Affidavit of Rex Frederickson (Feb. 22, 2011) [VOB.0004]

   L.  Affidavit of Jonathan Walsh (Feb. 22, 2011) [VOB.0003]

   M.  Affidavit of David Brown (Feb. 24, 2011) [VOB.0006]

   N.  Joliet Compliant Receipt Form (Mar. 3, 2011)

   O.  Memorandum to File from Ken Teppel (June 12, 2015) [VOB.0266]

   P.  Expert Report of Michael Musgrove (Aug. 15, 2016)

---

[*]   In order to avoid duplication, Frederickson has not attached as exhibits documents that have already been made exhibits by the Bolingbrook Defendants or the Joliet Defendants. As an appendix to this Statement of Additional Material Facts, Frederickson provides a legend of all exhibits from all parties as of the date of this filing.

## Additional Material Facts

1.      Due to a past criminal conviction, Frederickson has registered as a sex offender pursuant to the Illinois Sex Offender Registration Act ("SORA") since 2004.  *See* Pl.'s Ex. F, RF00001448.

2.      During the time that Detective Moises Avila was in charge of Offender registration for the Joliet Police Department from 2004 until 2007, Avila did not have any issues registering Frederickson.  Joliet Ex. F, M. Avila Dep. 61:15-62:5.

3.      During this same time, Frederickson would occasionally need to update the information on his registration form because the information the registration form called for had changed (e.g., change in employment).   Avila never refused to update Frederickson's registration form when the information that the registration form called for had changed.  *Id.* at 28:10-15, 63:6-17.

## Landeros Takes Over Registration For The Joliet Police Department

4.      Detective Tizoc Landeros replaced Avila as the detective in charge of Offender registration at the Joliet Police Department in 2007 and began harassing Frederickson almost immediately.  Pl.'s Ex. A, D. Brown Dep. 95:7-12.  Landeros stated that he has to "deal with [Frederickson] constantly" because he was "always questioning" his registration requirements.  Joliet Ex. A, T. Landeros Dep. 135:16-136:13.

5.      Beginning in 2008, Frederickson began requesting that Landeros update his registration form to reflect the correct name of his employer: Greg's Body Shop, not, as it had been inaccurately input, Greg's Auto Body.   Bolingbrook Ex. A, R. Frederickson Dep. 45:16-18.  Frederickson also asked that the registration form reflect that he was employed as a contractor.  Joliet Ex. A, T. Landeros Dep. 169:18-175:15.

6.      Landeros was aware that having inaccurate information on one's registration form is a violation of SORA and subjects the Offender to arrest and prosecution. *Id.* at 158:7-159:8.

7.      Frederickson constantly feared that Landeros would arrest him for having inaccurate information on his registration form. Bolingbrook Ex. A, R. Frederickson Dep. 286:12-287:1.

8.      Landeros testified in 2011 at a criminal proceeding against Frederickson that "if [Frederickson] has ever asked me to change anything on his registration form it has been changed." Joliet Ex. G, Trial Tr. at 24, *People v. Frederickson*, No. 11 CF 415 (Ill. Cir. Ct. – Will Cnty. (12th Cir.) June 15, 2011). At his deposition, Landeros stated that he refused to update Frederickson's registration form. Joliet Ex. A, T. Landeros Dep. 169:14-176:9.

**Landeros' Issues with Frederickson Result In Multiple Arrests of Frederickson**

9.      Frederickson informed Landeros in 2008 that he intended to leave Joliet. In response, Landeros threatened Frederickson that if he ever attempted to leave Joliet, Landeros would arrest him before Frederickson could do so. Bolingbrook Ex. A, R. Frederickson Dep. 300:18-302:4; *see also* Pl.'s Ex. K, Frederickson Aff. ¶ 8, February 22, 2011; Ex. L, Walsh Aff. ¶ 3-4.

10.     Landeros arrested Frederickson on May 15, 2008 and Frederickson was charged with failure to register and residing within 500 feet of a school. Frederickson was acquitted of all charges on June 1, 2009 after spending over a year in prison. Pl.'s Ex. G, *People v. Frederickson*, No. 08 CF 1134 (Ill. Cir. Ct. – Will Cty. (12th Cir.)).

11.     On November 23, 2010, Frederickson reported at the Joliet Police Department to register.  While Frederickson was standing in the Joliet Police Department lobby waiting to register, Landeros arrested Frederickson for driving on a suspended license. Bolingbrook Ex. A, R. Frederickson Dep. 344:19-345:2; Joliet Ex. A, T. Landeros Dep. 193:7-194:1.

12.     According to Landeros, he had seen Frederickson driving a week earlier, but did not make the immediate arrest because he wanted to handle some paperwork first.  Joliet Ex. A, T. Landeros Dep. 198:16-199:4.

13.     This instance is the only time that Landeros has ever arrested someone for driving on a suspended license when that person was not driving.  *Id.* at 200:16-21.  Avila and another Joliet police officer, Paul Rodriguez, stated that they had never even heard of such a situation.  Joliet Ex. F, M. Avila Dep. 121:21-122:34; Pl.'s Ex., D, P. Rodriguez Dep. 66:3-11.

**Following Repeated Arrests by Landeros, Frederickson Mobilizes to Leave Joliet**

14.     On January 26, 2011, Frederickson registered at the Joliet Police Department but was prevented again from updating his registration form to accurately reflect that he was working at Greg's Body Shop and that he was working as a contractor.  Bolingbrook Ex. A, R. Frederickson Dep. 295:10-299:3.

15.     Frederickson also informed Landeros that he would be moving to Bolingbrook in the near future.  *Id.* at 296:22-298:19.  Landeros repeated his threat that he would arrest Frederickson if Frederickson attempted to leave Joliet.  *Id.* at 59:8-24.

16.     On February 2, 2011, Frederickson reported at the Joliet Police Department and again attempted to update his registration form with accurate employment information.    The Joliet police officer standing in place of Landeros refused to update Frederickson's registration form.    *Id.* at 45:12-18; *see also* Bolingbrook Detective Brick, Detective Talbot, and the Village of Bolingbrook's 56.1 Statement of Undisputed Material Facts in Support of their Amended Motion for Summary Judgment on All Counts of the Third Amended Complaint ¶ 33.

17.     Because of Landeros's repeated threats to arrest Frederickson if he moved out of Joliet, Frederickson wrote "all rights reserved" on his February 2, 2011 registration form in an effort to convey his continued desire to move out of Joliet in the face of Landeros's threats to prevent him from doing so.  Bolingbrook Ex. A, R. Frederickson Dep. 59:8-24.

### Frederickson's February 9, 2011 Registration in Bolingbrook

18.     On February 8, 2011, Frederickson submitted a job application to J&J Autobody, which was located in Bolingbrook and was subsequently given a "try out" at J&J Autobody.  Pl.'s Ex. E, J. Scacco Dep. 20:17-21:9; Pl.'s Ex. I, Frederickson's J&J Autobody Application.

19.     Frederickson relocated to Bolingbrook between February 2 and 9, 2011 and Frederickson reported for the first time at the Bolingbrook Police Department to register on February 9, 2011.  Bolingbrook Ex. M, N. Schmidt Dep. 29:22-30:8; Pl.'s Ex. A, D. Brown Dep. 51:10-14.

20.     Frederickson brought his February 2 registration form with him and Bolingbrook Police Officer Nicholas Schmidt met with Frederickson and filled out Frederickson's registration form without incident.  Bolingbrook Ex. M, N. Schmidt Dep. 30:23-32:7; 34:10-14.

**Joliet Refuses to Transfer Frederickson's LEADS File to Bolingbrook**

21.     Bolingbrook Records Clerk Nicole Wlodarski contacted the Joliet Police Department to notify it that Frederickson had registered in Bolingbrook on February 9, 2011 and to request that the Joliet Police Department release Frederickson's LEADS file.  Bolingbrook Ex. I, N. Wlodarski Dep. 65:17-66:1.

22.     Although Wlodarski stated that she could not recall who she talked to at the Joliet Police Department, a handwritten note found on her desk "around the time that … [Frederickson] came into register" indicated that Landeros had tried to contact Wlodarski.  *Id.* at 64:3-65:11; Pl.'s Ex. O, K. Teppel Memo to File (June 12, 2015).

23.     The Joliet Police Department informed Wlodarski that they "knew" Frederickson was still living in Joliet and refused to release Frederickson's LEADS file.  Bolingbrook Ex. I, N. Wlodarski Dep. 65:17-66:1.

24.     Landeros testified in 2011 at a criminal proceeding against Frederickson that he "advised Bolingbrook that Rex Frederickson was a homeless sex offender employed in Joliet, and he belonged to – his LEADS file belonged to the Joliet Police Department."   Pl.'s Ex. G, Trial Tr. at 22, *People v. Frederickson*, No. 11 CF 415 (Ill. Cir. Ct. – Will Cty. (12th Cir.) June 15, 2011).

25.     In his deposition, Landeros denied having any reason to believe that Frederickson was not homeless in Bolingbrook in February 2011, Joliet Ex. A, T. Landeros Dep. 210:15-19, and denied being aware of whether Frederickson's LEADS file was ever put into moving status in February 2011, *id.* at 353:3-10.  Landeros further testified that he has never prevented an Offender's LEADS file from being put into moving status and that he "can't think of" a reason to ever do so.  *Id.* at 226:24-227:5.

26.     Wlodarski estimated that on twenty occasions she has previously encountered a situation where an Offender registered in Bolingbrook while his or her LEADS file was still owned by a different jurisdiction.  Bolingbrook Ex. I, N. Wlodarksi Dep. 119:19-120:7.  In every single one of those instances, the previous jurisdiction placed the Offender's LEADS file into moving status upon her request.  *Id.* at 120:21-121:8.

27.     In those instances where an Offender would report at the Bolingbrook Police Department while his or her LEADS file was owned by the previous jurisdiction, the Bolingbrook Police Department would start a paper file for the Offender and enter an "add-on" into LEADS until the previous jurisdiction released the Offender's LEADS file.  Bolingbrook Ex. F, K. Teppel. Dep. 94:4-15; *see also* Bolingbrook Ex. B, D. Kloepfer Dep. 27:16-2818; Bolingbrook Ex. I, N. Wlodarski Dep. 95:14-23.

28.     Talbot stated that he could not recall a single other instance where a police department refused to transfer ownership of a LEADS file.  Bolingbrook Ex. C, S. Talbot Dep. 28:17-22.  Diane Kloepfer, who handled the transferring of LEADS file for the Bolingbrook Police Department for "most of" 19 years, also could not recall such an instance.  Bolingbrook Ex. B, D. Kloepfer Dep. 24:11-25:15.

29.     Wlodarski's inability to update Frederickson's LEADS file rendered Frederickson subject to arrest and investigation at any moment as Frederickson's LEADS file would make it appear that he was out of compliance with his SORA requirements and officers would have to detain Frederickson pending their investigation into whether Frederickson had properly completed his registration.  Joliet Ex. A, T. Landeros Dep. 81:14-83:15.

**Landeros and Talbot Conspire to Refuse Frederickson's Registration in Bolingbrook**

30.     At some point between February 9, 2011 and February 11, 2011, Landeros spoke to Detective Talbot of the Bolingbrook Police Department.  *Id.* at 207:12-208:2.

31.     Talbot recalls that Landeros informed Talbot that Frederickson was trying to "pull the wool over [the Bolingbrook Police Department's] eyes," that "he was not going to be homeless in Bolingbrook" and that Landeros "was working on proving that he was actually living in Joliet."  Bolingbrook Ex. C, S. Talbot Dep. 65:18-66:24.

32.     Landeros admitted that had no reason to believe that Frederickson was not homeless in Bolingbrook during this time.  Joliet Ex. A, T. Landeros Dep. 228:23-229:5, 232:5-16, 235:23-236:8.  Landeros further stated that he doesn't "believe he mentioned anything about anybody trying to scam anybody."  *Id.* at 229:6-21.

33.     After his conversation with Landeros, Talbot spoke with Pamela Dunning-Ganczewski, another records clerk at the Bolingbrook Police Department.  Pl.'s Ex. B, P. Dunning-Ganczewski Dep. 22:12-15.

34.     Dunning-Ganczewski then circulated an email to the Bolingbrook Police Department Records listserv that stated "[Talbot] came in on 2/11/11 and stated that Rex Frederickson will becoming [*sic*] in on 2/16/11 to do his sex offender registration again we will not take his registration due to the fact he lives in Joliet he is not homeless."  Another Bolingbrook police officer, Sergeant Craig Gunty, then forwarded Dunning-Ganczewski's email to the entire Bolingbrook Police Department and added "JPD has alerted us to the fact that this guy doesn't want to pay their mandatory fee so he is going to try and scam us into doing it.  Per JPD don't register him here please."  Pl.'s Ex. J, Email from C. Gunty to all-police (Feb. 11, 2011).

35.     Schmidt stated that he understood this email to mean that the Bolingbrook Police Department should not register Frederickson "no matter what."  Bolingbrook Ex. M, N. Schmidt Dep. 46: 21-47:3. Gunty stated that  he "absolutely" expected that the Bolingbrook Police Department would comply with the request to refuse Frederickson's registration, without investigating Frederickson's information or verifying the veracity of the information that Landeros provided to Talbot.  Bolingbrook Ex. J, C. Gunty Dep. 81:14-82:16.  Gunty also stated other than Frederickson he is not aware of any situation where the Bolingbrook Police Department was instructed to refuse to register an Offender.  *Id.* at 80:18-81:13.

### Frederickson's February 16, 2011 Registration

36.     During the week between February 9, 2011 and February 16, 2011, Frederickson worked at J&J Autobody on three or four different days and was in the process of moving his belongings from Joliet to Bolingbrook.  Bolingbrook Ex. A, R. Frederickson Dep. 88:17-89:8; Pl.'s Ex. E, J. Scacco Dep. 22:5-23:2.

37.     On the morning of February 16, 2011, Frederickson was in Joliet picking up his tool cabinet.  Unsure whether he would be able to catch a ride to Bolingbrook later that day, Frederickson registered at the Joliet Police Department on the morning of February 16, 2011.  Bolingbrook Ex. A, R. Frederickson Dep. 83:3-5; 99:20-23.

38.     In the afternoon of February 16, 2011, Frederickson was able to catch a ride to Bolingbrook.  As Frederickson intended to work at J&J Autobody in the upcoming week, Frederickson reported to the Bolingbrook Police Department to register that afternoon.  *Id.* at 84:23-85:4.

39.     Brick knew that if an Offender failed to register in accordance with his or her SORA requirements, that Offender would be subject to arrest and incarceration. Bolingbrook Ex. K, J. Brick Dep. 33:20-34:5.  Before meeting Frederickson on February 16, 2011, Brick spoke with the Bolingbrook Records Department about the department email about Frederickson (*see supra*, ¶¶ 33-34) and concluded that he could not register Frederickson because the Joliet Police Department had information that Frederickson was living in Joliet.  *Id.* at 43:1-47:23.

40.     Brick then told Frederickson that Bolingbrook had a "conflict" and that he "would not be able to register [Frederickson] right now."  *Id.* at 47:15-23.  Brick did not provide Frederickson with any reason why Bolingbrook was unable to register him, but instead ordered Frederickson to return to Joliet.  *Id.* at 47:24-49:23.

41.     The Bolingbrook Police Department, through its corporate representative, admitted that Frederickson is the only person whom Bolingbrook has ever refused to register. Bolingbrook Ex. F, K. Teppel Dep. 10:10-10:17.

42.     Avila, who was in charge of the Joliet Police Department's sex offender registration unit for over three years, could not think of a reason why he would refuse to register an Offender and could not recall any instance where he refused to update an Offender's registration form.  Joliet Ex. F, M. Avila Dep. 48:1-16.

### Frederickson's February 23, 2011 Registration

43.     Between February 16, 2011 and February 23, 2011, Frederickson stayed in the cab of a David Brown's truck, which was parked in Bolingbrook, and worked three days at J&J Autobody.  Bolingbrook Ex. A, R. Frederickson Dep. 102:23-103:6; 103:20-104:4; Pl.'s Ex. A, D. Brown Dep. 54:5-11.

44.     On February 23, 2011, Frederickson reported in Bolingbrook for the third time to register.  This time, Frederickson was met by Talbot and Brick.  Bolingbrook Ex. K, J. Brick Dep. 57:11-58:13.  Brick and Talbot conditioned Frederickson's registration on whether Frederickson would provide locations where he planned on staying.  Bolingbrook Ex. C, S. Talbot Dep. 91:20-93:11.

45.     There is nothing in the Bolingbrook Police Department's written polices about Offender registration that allows officers to refuse to register an Offender because that Homeless Offender would not indicate particular places he or she will be sleeping in the future.  Bolingbrook Ex. K, J. Brick Dep. 87:18-88:10.

46.     Frederickson did not provide such information and the Bolingbrook Defendants refused to register Frederickson on February 23, 2011 and ordered him to return to Joliet.  *Id.* at 59:2-10; Bolingbrook Ex. C, S. Talbot Dep. 83:19-85:4.

47.     Frederickson then proceeded to the Bolingbrook Village Hall to file a complaint against Talbot and Brick.  Pl.'s Ex. M, Brown Aff. ¶ 5, Feb. 23, 2011.

48.     While Frederickson was filling out the appropriate forms, the Bolingbrook village clerk received a phone call instructing her to refuse to help Frederickson with his complaint.  *Id.*

49.     Shortly there afterwards, a group of Bolingbrook police officers entered the Bolingbrook Village Hall and escorted Frederickson out of the premises, thereby preventing Frederickson from filing his grievance against Talbot and Brick.  *Id.* at ¶ 6.

### Frederickson's Registration Attempts on February 28, March 1, March 2, and March 3, 2011

50.     Sometime after February 23, 2011, Frederickson informed J&J Autobody that he would not be able to continue working there until he could sort out his registration. Bolingbrook Ex. A, R. Frederickson Dep. 95:15-23; Pl.'s Ex. E, J. Scacco Dep. 14:4-12.

51.     On February 28, 2011, Frederickson reported at the Joliet Police Department to register.  Bolingbrook Ex. A, R. Frederickson Dep. 321:18-322:18.  Frederickson met with Joliet Police Sergeant James Scarpetta, but Scarpetta refused to take Frederickson's registration.  *Id.* at 323:21-324:7.

52.     Frederickson reported at the Joliet Police Department each day on March 1, 2, and 3, 2011 in order to register.  *Id.* at 322:24:-323:6.  And each time, Frederickson's efforts were refused.  *Id.* at 325:1-9 (March 1), 326:7-328:2 (March 2), 328:4-328:23 (March 3).

### Frederickson's Grievances Against Landeros

53.     On February 7, 2011, Frederickson contacted the Joliet Police Department to file a grievance against Landeros complaining that Landeros was refusing to update Frederickson's SORA form and unlawfully restraining Frederickson.  Joliet Ex. E, J. Scarpetta Dep. 64:21-65:23.

54. Scarpetta received Frederickson's grievance and it was his job to determine whether the conduct complained of constituted either a violation of the law or of Joliet Police Department policy. *Id.* at 103:16-19.

55. In response to Frederickson's grievance, Scarpetta spoke to two supervisors within the Joliet Police Department about Frederickson, reviewed the Joliet Police Department policy on Offender registration, and reviewed the SORA statute, but never once spoke to Landeros about the allegations in Frederickson's grievance. *Id.* at 69:9-18, 116:16-19.

56. Scarpetta made the determination that Frederickson's grievance did not require any further investigation, without ever learning if refusing to update a registration form violated Joliet Police Department policy or the law or that Landeros had arrested Frederickson on two previous occasions. *Id.* at 61:7-62:1; 91:1-20.

57. On March 3, 2011, prior to his arrest, Frederickson dropped off a 24 page complaint against Landeros. The complaint included a sworn affidavit. Pl.'s Ex. N, Joliet Complaint Receipt Form, Mar. 3, 2011; *see also* Joliet Ex. E, J. Scarpetta Dep. 140:10-141:2.

58. Scarpetta received a complaint from another Offender, John Smith, about Landeros in September 2012 complaining that Landeros falsely arrested him. Joliet Ex. E, J. Scarpetta Dep. 125:21-126:12, 129:6-8.

59. In investigating Smith's complaint, Scarpetta obtained "incident reports" related to Smith; obtained state police offender information on Smith; called the Illinois Sex Offender Information Hotline; called Smith to update him on the investigation; sent Smith a "disposition letter"; and interviewed Landeros about the allegations in Smith's complaint. *Id.* at 131:13-133:2.

60.     Scarpetta did not undertake any of these actions in investigating Frederickson's complaint.  *Id.* at 69:9-18.  Scarpetta explained one reason that he responded differently to Smith's complaint about Landeros was because "Mr. Smith's complaint [had] a sworn affidavit."  *Id.* at 138:14-139:6.

Respectfully submitted,

/s/ Mary Rose Alexander
Mary Rose Alexander
Michael J. Faris
Johanna M. Spellman
Derek J. Linkous
Megan C. Fitzpatrick
Kate R. Elsner
Thomas H. Severson
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## APPENDIX: LEGEND OF ALL PARTIES' EXHIBITS FILED IN CONNECTION WITH MOTIONS FOR SUMMARY JUDGEMENT

| Description | Bolingbrook Ex. | Joliet Ex. | Pl.'s Ex. |
|---|---|---|---|
| Frederickson Dep. | A | B | |
| Kloepfer Dep. | B | | |
| Talbot Dep. | C | C | |
| Plaintiff's February 9, 2011 SORA registration form [RF00000609] | D | (*See also* L) | |
| Plaintiff's February 16, 2011 SORA registration form [RF00001629] | E | (*See also* O) | |
| Teppel Dep. | F | | |
| Landeros Dep. | G | A | |
| Avila Dep. | H | F | |
| Wlodarski Dep. | I | D | |
| Gunty Dep. | J | | |
| Brick Dep. | K | | |
| Coughlin Dep. | L | | |
| Schmidt Dep. | M | | |
| Scarpetta Dep. | | E | |
| Transcript of *People v. Frederickson*, No. 11 CF 415 (Ill. Cir. Ct. – Will Cty. (12th Cir.) June 15, 2011) | | G | |
| Plaintiff's January 26, 2011, SORA registration form [RF00000601] | | H | |
| Joliet Police Report (Nov. 13, 2010) [Joliet Bates No. 327] | | I | |
| Plaintiff's Complaint | | J | |
| Plaintiff's February 2, 2011 SORA registration form [RF00000603] | | K | |
| Plaintiff's February 9, 2011 SORA registration form [VOB.0030] | (*See also* D) | L | |
| February 11, 2011 Intelligence Bulletin | | M | |
| Email from E. Grizzle to T. Landeros (Feb. 14, 2011) [Joliet Bates No. 899] | | N | |
| Plaintiff's February 16, 2011 SORA registration form [Joliet Bates No. 897] | (*See also* E) | O | |

| Description | Bolingbrook Ex. | Joliet Ex. | Pl.'s Ex. |
|---|---|---|---|
| Certified Copy of Conviction in *People v. Frederickson*, No. 11 CF 415 (Ill. Cir. Ct. – Will Cty. (12th Cir.)) [Joliet Bates No. 17] | | P | |
| Scarpetta Report re Frederickson Complaint (Mar. 3, 2011) [Joliet Bates No. 55] | | Q | |
| Brown Dep. | | | A |
| Dunning-Ganczewski Dep. | | | B |
| Musgrove Dep. | | | C |
| Rodriguez Dep. | | | D |
| Scacco Dep. | | | E |
| Docket of *People v. Frederickson*, No. 01 CF 890 (Ill. Cir. Ct. – Will Cty. (12th Cir.)) [RF00001448] | | | F |
| Docket of *People v. Frederickson*, No. 08 CF 1134 (Ill. Cir. Ct. – Will Cty. (12th Cir.)) [RF00001474] | | | G |
| Scarpetta Report re Frederickson Complaint (Feb. 7, 2011) | | | H |
| J&J Autobody Application (Feb. 8, 2011) | | | I |
| Email from C. Gunty to all-police (Feb. 11, 2011) [VOB.1771] | | | J |
| Frederickson Aff. (Feb. 22, 2011) | | | K |
| Walsh Aff. (Feb. 22, 2011) [VOB.0003] | | | L |
| Brown Aff. (Feb. 24, 2011) [VOB.0006] | | | M |
| Joliet Complaint Receipt Form (Mar. 3, 2011) | | | N |
| K. Teppel Memo to File (June 12, 2015) [VOB.0266] | | | O |
| Expert Report of Michael Musgrove (Aug. 15, 2016) | | | P |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing PLAINTIFF'S 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO (I) DEFENDANTS DETECTIVE BRICK, DETECTIVE TALBOT AND THE VILLAGE OF BOLINGBROOK'S AMENDED MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS OF THE THIRD AMENDED COMPLAINT AND (II) JOLIET DEFENDANTS' MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system on this 8th day of February 2017, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9.

/s/ Mary Rose Alexander
One of the Attorneys for Plaintiff